In ejectione firmae, on a special verdict, the case appeared to be this:
John Upley, being seized in fee of a house, on the 26th of May, 25 Eliz., by his last will and testament, disposed of it in this manner: Item,I give and bequeath my house to Ann, my wife, to dispose at her will andpleasure, and to give it to any of my sons, which she pleases.
Jermyn argued that, by these words, the wife had a fee, and is liable to no one; but may dispose of the house to whom she pleases. And there *Page 636 
is a great difference between a conveyance and a will. In this case, Litt., 586; Bro. Devise, 33, Litt. leaves out assignees, and this leaves a doubt. But 7 E., 6; Br., 432, renders our case quite plain. And it is clear that by the first words to dispose at her will and pleasure, she has a fee; but the doubt is whether the last words are a limitation, viz., to any of mychildren, which alter the fee, and clog it with a condition. Wellock'scase, 3 Rep., 21; 6 Rep., 16. But here these words do not import a fair condition, for if this be a condition, then the heir shall enter in due time, in case it be not performed. And then the intention of the will is contradicted, inasmuch as the wife has not the house at her will andpleasure, as the will requires it; neither can she give it to any whom shepleases, as the will gives her power to do.
Henden, Serj., contra. I confess that the fee passes by these words, because it has been adjudged that if one devise that I.S. shall be his heir, it is sufficient. But I conceive that here, by the devise, the wife has only a power to dispose; and has no sort of interest or estate by the devise; or, if she has, it is only a conditional estate, clogged and limited, with a condition to give it to the children. 33 H., 8; Br. Devise, 37. A man devised that an executor should make an estate tail to I. S., it is only an authority, the devisee has an estate tail, the other has only an authority. Dyer, 323. Lingin's case is like this. If one devises that I. S. shall make feoffment of the testator's lands, I.S. has an interest, because he ought to enter before he can give livery. But if he devises that I. S. shall bargain and sell the land, then I.S. has no interest in the land, but only an authority to sell. If one devises that I.S. shall let his lands and receive the profits, during the minority of his son, and dispose, etc., there I.S. has no interest, and cannot make a lease in his own name, and has only an authority, as was adjudged in this Court, Tr., 41; *El. Piggott and Garnish. And, therefore, I conceive that these cases will prove that the wife in this has only an authority, but no interest. But, admitting that she has an estate by the devise: Yet, I conceive that it is clogged and limited with the conditional power. 34 E., 3; cui in Vita, 19. If lands be given to a woman to dispose of, etc., and she marries, still she may sell, and has an estate, and a power annexed. It is to be observed that this disposing power and authority is collateral to the estate, and therefore may stay and remain, notwithstanding that the wife, in this case, after the death of the testator, took another husband, and she may dispose of the land notwithstanding the coverture, as it is a collateral power. 13 H., 7; Kell., 40. If a man devises that his executors shall sell the land, and dies seized, and the heir enters and makes a feoffment, after which a stranger disseizes him, and dies seized, and other feoffments be made of this land, still the devise remains effectual, and the authority of the executors being collateral, *Page 637 
cannot be impaired by any intervenient act. If a man devises that his feoffee may sell the reversion, he may sell without attornment, inasmuch as it passes by the will.
If I devise land to I. S. to give and dispose to I.D., he must dispose of it to I.D. But here it is given to dispose at her will and pleasure, which perhaps may make a difference.
Sed per curiam. If the wife dies without feoffment, the heir shall have the land.
Afterwards other matters were moved in this case, but it depends on the above point.
And Henden moved this case. A wife is disseized and the husband releases all demands, and the wife levies a fine — the husband may enter. And he said, if a wife levies a fine as a feme sole, if the husband enter, it shall be void; otherwise, the wife is barred. 16 Aff., 17. A release of all demands releases the right of entry, and the entry itself. 8 Rep., 147. And the husband in the above case cannot enter, and therefore the wife is barred. 11 H., 4, 24. Per Green. If a wife delivers goods, trespass lies, but otherwise in the case of an infant, if he delivers goods with his own hands. Pas. 32; El. Rot., 1017, adjudged to this purpose. See this casecontinued, postea, pp. 656, 726. 1 Cr., 678, 734.